**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KAREN M. SIMS, as Administratrix for the       PLAINTIFF
Estate of Sidney B. Sims, Deceased

v.                    No. 4:11CV00583 JLH

DIXIE RESTAURANTS, INC.                    DEFENDANT

**OPINION AND ORDER**

Sidney and Karen Sims, husband and wife, dined at the Dixie Café located on Rebsamen Park Road in Little Rock on the evening of December 26, 2009. A few hours later, Sidney experienced severe nausea, vomiting, and diarrhea. He was taken to the emergency room, but his symptoms did not subside. Thereafter, he was admitted to the hospital for treatment. Nevertheless, Sydney died on December 30. Subsequently, Karen commenced this action against Dixie Restaurants, Inc., alleging that her husband died because the meal he consumed at the Dixie Café "was contaminated with staphylococcus bacteria, rendering it unwholesome and unfit for human consumption." Dixie has moved for summary judgment.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Dixie contends that Karen has failed to offer evidence tending to establish that Sydney's meal at the Dixie Café was unwholesome or unfit for human consumption. In order for Karen's claim to

succeed, she must establish "that the food [] sold [was] deleterious or unwholesome." *Frankes, Inc., v. Bennett*, 201 Ark. 649, 146 S.W.2d 163, 164 (1941). "[T]he contamination of the food eaten is inferable from proof of such sickness plus additional or corroborating evidence . . . supporting this conclusion." *Franke's Inc. v. Wallace*, 219 Ark. 467, 472, 242 S.W.2d 968, 970 (1951).

Dr. Frank Peretti, who performed Sidney's autopsy, testified that Sydney died of "septic shock, complicating gastroenteritis[.]" Document #8-6 at 25. Dr. Peretti further testified that food poisoning was "the most likely cause of the gastroenteritis[.]" Document #8-7 at 30. In addition, Karen offers a signed report from Paul Novicky, an expert in restaurant food handling and safety issues. Document #18-1. Novicky states that his findings are based upon the deposition testimony of Jim Simmonds and John Rogers, employees of Dixie. Novicky says that Simmonds and Rogers' testimony shows that Dixie Café did not follow basic food protocol for sanitizing thermometers, cleaning and sanitizing tea urns, maintaining proper temperatures for all cold food items, properly cooling cooked food for storage, maintaining cooled food at the proper temperature in storage, protecting against cross contamination, and recognizing high risk food items.[1]  This evidence, if believed, constitutes the kind of "additional or corroborating evidence" required by the Arkansas Supreme Court. Consequently, a genuine dispute of material fact exists as to whether Sydney's meal contained deleterious or unwholesome food.

---

[1] Novicky's report is not a statement made under penalty of perjury, but the record includes excerpts from his deposition, and it appears that in the deposition Novicky affirmed his opinions under oath. The only portion of Novicky's opinion upon which the Court is relying is the portion stating that Dixie did not follow industry standards for food safety. Novicky has offered other opinions that may go beyond his expertise. Dixie has moved in limine to exclude Novicky's testimony at trial. The Court will rule on that motion before trial.

Dixie also contends that Karen offers no evidence that the meal Sydney consumed at the Dixie Café proximately caused him to contract food poisoning resulting in his death. Generally, questions of causality are reserved for the fact-finder. *Green v. Alpharma, Inc.*, 373 Ark. 378, 395, 284 S.W.3d 29, 42 (2008) ("Our case law is replete with the proposition that causation is almost always a question of fact for the jury and not appropriate for summary judgment.") (collecting cases). Furthermore, as noted, Dr. Peretti testified that food poisoning was the likely cause of Sydney's death. Karen also offers evidence that food poisoning generally manifests itself in approximately one to six hours and that Sydney's meal at the Dixie Café was the only food he consumed within six hours of becoming ill. Therefore, a genuine dispute of material fact remains regarding proximate causation.

Finally, Dixie strenuously emphasizes that there are a panoply of reasons to think that Sydney did not actually die from food poisoning. Regardless of the strength of Dixie's evidence, at the summary judgment stage it is inappropriate for the Court to weigh the relative merits of the parties' respective cases. Because Karen offers evidence tending to establish that Sydney's meal at the Dixie Café was unwholesome or unfit for human consumption and proximately caused him to contract food poisoning resulting in his death, genuine disputes of material fact exist.

Therefore, Dixie Restaurants' motion for summary judgment is DENIED. Document #8.

IT IS SO ORDERED this 31st day of July, 2012.

*/s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE